IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
Southern Division

RICHARD HOWARD BEALL, JR.,

    Plaintiff,

v.                                   Case No.: GJH-16-3678

LARRY LAWRENCE HOGAN,
DIRECTOR ROBINSON,
TOM LEWIS,
NINA DIANA, Social Worker in Charge,

    Defendants.

\* \* \* \* \* \* \* \* \* \* \* \* \*

## MEMORANDUM OPINION

Self-represented Plaintiff Richard Howard Beall, Jr. is involuntarily committed to the Department of Health and Mental Hygiene ("DHMH") and is a patient at the Clifton T. Perkins Hospital Center ("Perkins"), a Maryland state psychiatric hospital. Beall brought this Complaint against Defendants, including Maryland Governor Lawrence (Larry) Hogan and various hospital staff, alleging that Defendants violated his constitutional rights by interfering with his right to vote in the 2016 presidential election. ECF No. 1. Defendants have filed a Motion to Dismiss or, in the Alternative, for Summary Judgment, ECF No. 5, to which Beall filed a Response in Opposition, ECF No. 7.

The matter is ready for disposition. The Court finds a hearing unnecessary. *See* Loc. R. 105.6. (D. Md. 2016). For reasons to follow, Defendants' Motion, construed as a Motion for Summary Judgment, is granted.

**I.    BACKGROUND**

On August 21, 2008, the District Court for Carroll County committed Beall to DHMH

after he was held not criminally responsible on the charge of second-degree assault. *State v. Richard H. Beall, Jr.*, Case No. 6S00040935 (Carroll County Circuit Court, August 21, 2008), ECF No. 5-2. Defendants acknowledge that Beall has not been declared judicially incompetent and therefore retains his right to vote. ECF No. 5-1 n.1 (citing 60 Op. Att'y Gen. 208; *Hill v. State*, 35 Md. App. 98 (Md. 1977)). Beall is housed in a maximum security ward at Perkins. Affidavit of Michael Jordan, LCSW-C, ECF 5-2 ¶¶ 2, 3, 4.[1]

Beall claims that Defendants failed to provide him with an absentee ballot or an application to apply for one in the 2016 Presidential election, thereby denying him his right to vote. ECF No. 1 at 3.[2] He alleges that he is being unconstitutionally detained by the hospital administration and was denied an absentee ballot to make him "look bad." *Id.* Beall further claims that the hospital staff failed to file paperwork necessary for him to vote or ask him if he wanted to vote or participate in the voting process. ECF No. 7 at 1-3. As relief, Beall seeks $75,000,000, his release, and shutdown of the hospital. ECF No. 1 at 3.[3]

Defendants Governor Larry Hogan, Danielle Robinson, M.D., a psychiatrist and Chief of Pretrial Services at Perkins, Thomas Lewis, Chief Operations Officer at Perkins, and Nina Diana, Director of Social Work at Perkins, by their counsel, have filed exhibits and declarations with their dispositive Motion. ECF Nos. 5-1 to 5-8. Defendant Governor Larry Hogan is not a Perkins' employee and has had no involvement in Beall's treatment at Perkins. ECF 5-1 at 2. According to their Affidavits, Defendants Lewis, Robinson, and Diana are employed by Perkins. ECF No. 5-4, ECF No. 5-5, ECF No. 5-6. Lewis, who has served as acting Chief Executive

---

[1] Michael Jordan, Beall's social worker, sees him on the housing unit daily. Jordan also meets with Beall individually and with Beall's treatment team several times each month. ECF No. 5-3 at 2.

[2] Pin cites to documents filed on the Court's electronic filing system (CM/ECF) refer to the page numbers generated by that system.

[3] Beall provides no facts to suggest he is being unconstitutionally detained. Accordingly, this Court construes Beall's claim as violation of his right to vote only.

2

Officer and is presently Chief Operations Officer at Perkins, attests that although he occasionally meets with patients at Perkins, he has no direct recollection of meeting Beall, and "no firsthand knowledge of any events described in his Complaint." ECF No. 5-4 ¶¶ 1–4. Robinson attests that she has never met Beall and has "no firsthand knowledge of any events described in his Complaint." ECF No. 5-5 ¶3. Diana attests she does not "recall ever meeting Mr. Beall" and has "no firsthand knowledge of any events described in his Complaint." ECF No. 5-6 ¶6. Beall provides no affidavit or other verified evidence to refute these statements.

## II. STANDARD OF REVIEW

The Court is mindful that Beall is a pro se litigant and his pleadings are liberally construed. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972) (per curiam). However, the requirement of liberal construction does not mean the Court can ignore a clear failure in the pleadings to allege facts which set forth a claim. *See Weller v. Department of Social Services*, 901 F.2d 387, 391 (4th Cir. 1990).

### A. Motion to Dismiss

To survive a motion to dismiss invoking Federal Rule of Civil Procedure 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* (citing *Twombly*, 550 U.S. at 555).

The purpose of Rule 12(b)(6) "is to test the sufficiency of a complaint and not to resolve

3

contests surrounding the facts, the merits of a claim, or the applicability of defenses." *Presley v. City of Charlottesville*, 464 F.3d 480, 483 (4th Cir. 2006) (citation and internal quotation marks omitted). When deciding a motion to dismiss under Rule 12(b)(6), a court "must accept as true all of the factual allegations contained in the complaint," and must "draw all reasonable inferences [from those facts] in favor of the plaintiff." *E.I. du Pont de Nemours & Co. v. Kolon Indus., Inc.*, 637 F.3d 435, 440 (4th Cir. 2011) (citations and internal quotation marks omitted). The Court need not, however, accept unsupported legal allegations, *see Revene v. Charles County Comm'rs*, 882 F.2d 870, 873 (4th Cir. 1989), legal conclusions couched as factual allegations, *Papasan v. Allain*, 478 U.S. 265, 286 (1986), or conclusory factual allegations devoid of any reference to actual events. *United Black Firefighters of Norfolk v. Hirst*, 604 F.2d 844, 847 (4th Cir. 1979).

### B. Motion for Summary Judgment

Defendants' motion is styled as a Motion to Dismiss, or in the Alternative, for Summary Judgment. If the Court considers materials outside the pleadings, the Court must treat a motion to dismiss as one for summary judgment. Fed. R. Civ. P. 12(d). When the Court treats a motion to dismiss as a motion for summary judgment, "[a]ll parties must be given a reasonable opportunity to present all the material that is pertinent to the motion." *Id.* When the moving party styles its motion as a "Motion to Dismiss, or in the Alternative, for Summary Judgment," as is the case here, and attaches additional materials to its motion, the nonmoving party is, of course, aware that materials outside the pleadings are before the Court, and the Court can treat the motion as one for summary judgment. *See Laughlin v. Metropolitan Wash. Airports Auth.*, 149 F.3d 253, 260-61 (4th Cir. 1998). Further, the Court is not prohibited from granting a motion for summary judgment before the commencement of discovery. *See* Fed. R. Civ. P. 56(a) (stating

4

that the court "shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact" without distinguishing pre-or post-discovery). Summary judgment is appropriate if "materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations . . . admissions, interrogatory answers, or other materials," show that there is "no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a) and 56(c); *see also Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). The party moving for summary judgment bears the burden of demonstrating that no genuine dispute exists as to material facts. *Pulliam Inv. Co. v. Cameo Props.*, 810 F.2d 1282, 1286 (4th Cir. 1987). If the moving party demonstrates that there is no evidence to support the nonmoving party's case, the burden shifts to the nonmoving party to identify specific facts showing that there is a genuine issue for trial. *See Celotex*, 477 U.S. at 322-23. A material fact is one that "might affect the outcome of the suit under the governing law." *Spriggs v. Diamond Auto Glass*, 242 F.3d 179, 183 (4th Cir. 2001) (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986)). A dispute of material fact is only "genuine" if sufficient evidence favoring the nonmoving party exists for the trier of fact to return a verdict for that party. *Anderson*, 477 U.S. at 248. However, the nonmoving party "cannot create a genuine issue of material fact through mere speculation or the building of one inference upon another." *Beale v. Hardy*, 769 F.2d 213, 214 (4th Cir. 1986).

### III. DISCUSSION

Plaintiff fails to state a claim under 42 U.S.C. § 1983 for violation of his constitutional right to vote in federal elections conferred by Article 1, Section 2 of the U.S. Constitution. *See Harper v. Virginia State Bd. Of Elections*, 383 U.S. 663 (1996). Moreover, the Defendants are immune from suit in their official capacity under the Eleventh Amendment or otherwise

protected from suit in their individual capacity under the doctrine of sovereign immunity.

The National Voter Registration Act ("NVRA") requires each state to designate agencies for the registration of voters in Federal elections. 52 U.S.C. § 20506. Designated agencies assist voters in registering to vote, renewing or recertifying voter eligibility, and submitting a change of address. *Id.* Under the NVRA, states must designate public benefit agencies to assist with these responsibilities. In Maryland, these agencies include the Motor Vehicle Administration, local departments of social services, local offices on aging, and public institutions of higher education. *See* Exhibit 6, ECF 5-7.

Maryland's public psychiatric facilitates are not among Maryland's designated State offices for voter assistance. Beall does not allege that anybody at Perkins, including Defendants, impeded his right to vote; rather, Beall asserts that Perkins' staff failed to provide him with an absentee ballot. ECF No. 1 at 3. Perkins has no obligation to provide Beall with an absentee ballot. And even if Perkins was among Maryland's designated State offices for voter assistance, such offices are tasked with assisting in enrolling eligible voters, not providing voters with absentee ballots. Beall does not allege that he requested anyone at Perkins to assist him in enrolling to vote. On the contrary, Michael Jordan, Beall's social worker, attests "Mr. Beall never expressed to me a desire to vote in the 2016 election. The first I heard of his desire to vote was upon receipt of a copy of the Complaint in this case." ECF No. 5-3 ¶5. The Defendant's alleged failure to affirmatively offer Beall assistance in obtaining an absentee ballot alone does not support a claim under 42 U.S.C. § 1983.

Even if this Court found Beall to have a plausible claim under 42 U.S.C. § 1983, Defendants are immune from suit in their official capacity under the Eleventh Amendment. The Eleventh Amendment bars suits for damages against a state in federal court unless the state has waived its sovereign immunity or Congress has abrogated its immunity. *See Pennhurst State Sch.*

& *Hosp. v. Halderman*, 465 U.S. 89, 101-02 (1984). Of import here, "[A] suit against a state official in his or her official capacity is not a suit against the official but rather is a suit against the official's office. As such, it is no different from a suit against the State itself." *Will v. Michigan Dept. of State Police*, 491 U.S. 58, 71 (1989); *see also Lahahan v. State of Maryland*, No. JFM-15-2030, 2016 WL 3570602 (D. Md. June 23, 2016) (finding that suits against Perkins are barred under the Eleventh Amendment).[4]

## IV. CONCLUSION

For these reasons, Defendants' Motion to Dismiss or, in the Alternative, Motion for Summary Judgment, ECF No. 5, shall be granted. A separate Order follows.

Dated: August 25, 2017

GEORGE J. HAZEL
United States District Judge

---

[4] Beall does not specify if he is suing Defendants in their official or individual capacities. Regardless, Defendants are immune from suit in their individual capacities under the doctrine of sovereign immunity because Beall does not suggest that Defendants' actions violate a clearly established constitutional right of which they knew or should have known. *Procunier v. Navarette*, 434 U.S. 555, 561-562 (1978). Additionally, Beall does not refute Defendants' assertion that they have no firsthand knowledge of any of the allegations in his complaint.